Rosemarie P. Boyd (rb-7698)
Lester Schwab Katz & Dwyer
120 Broadway
York, New York 10271-0071
(212) 964-6611
Attorneys for Defendants

960221

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TYRONE DILLS,

                                    Plaintiff,        ANSWER

             -against-                        1:07-cv-10298

NEW HOPE URBAN RENEWAL LIMITED      Filed by ECF on
PARTNERSHIP and THE COMMUNITY         December 21, 2007
BUILDERS, INC.
                                                  JURY TRIAL DEMANDED
                                 Defendants.
-----------------------------------------------------------------x

       Defendants NEW HOPE URBAN RENEWAL LIMITED PARTNERSHIP and THE COMMUNITY BUILDERS, INC., by its attorneys Lester Schwab Katz & Dwyer, LLP, for its answer to the complaint, aver as follows.

## ANSWERING THE PREAMBLE

    1.    Defendants admits so much of paragraphs 1 through 3 that the complaint purports to allege the claims stated, but otherwise denies any substantive averments in said paragraphs.

    2.    Defendants admit paragraphs 5, 6, and 10 of the complaint.

    3.    Defendants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph 4, of the complaint.

    4.    Defendants deny paragraphs 8, 9, 21, 22, 23, 34, and 35 of the complaint.

5. Defendants are without knowledge sufficient to form a belief as to the allegations set forth in paragraph 7 of the complaint.

6. Paragraphs 11 through 20 state a conclusion of law and on those grounds, are denied.

7. Paragraphs 24 through 33 state a conclusion of law and on those grounds, are denied.

8. Defendants deny paragraphs 34 through 40 of the complaint

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of each plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. That by entering into the activity in which plaintiff was engaged at the time of the occurrence set forth in the Verified Complaint, plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the Verified Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. The place of trial of this action is stated for an improper county.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. The verified complaint of the plaintiff fails to state a cause of action cognizable in law or equity against this answering defendant and the complaint must therefore be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. The liability of this defendant, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendant was not obligated to exercise supervision or control.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. Upon information and belief, defendants are not liable for the alleged negligent actions under New York State law and in accordance with the applicable choice of law principles.

16. The laws of the State of New Jersey apply to this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

17. In the event plaintiff recover a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or

LESTER SCHWAB KATZ & DWYER LLP • 120 BROADWAY • NEW YORK, NY 10271-10071

indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

**WHEREFORE**, the answering defendant demands judgment dismissing the verified complaint of the plaintiff, together with the attorneys' fees, costs and disbursements of this action.

Dated:   New York, New York
         December 21, 2007

                                      LESTER SCHWAB KATZ & DWYER, LLP

                                      Rosemarie P. Boyd (rb-7898)
                                      Attorneys for Defendants
                                      NEW HOPE URBAN RENEWAL LIMITED
                                      PARTNERSHIP and THE COMMUNITY
                                      BUILDERS, INC.
                                      120 Broadway
                                      New York, New York  10271
                                      (212) 964-6611

## Declaration of Service

I served the annexed ANSWER by first-class mail on the following persons on December 21, 2007:

>Robert D. Asher, Esq.
>ASHER & ASSOCIATES, P.C.
>Attorneys for Plaintiff
>111 John Street
>Suite 1200
>New York, New York 10038
>T: (212) 227-5000

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 21, 2007.

_____
MARY LYNCH

2