960252

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TYRONE DILLS,

                                 Plaintiff,

                -against-

NEW HOPE URBAN RENEWAL LIMITED
PARTNERSHIP and THE COMMUNITY
BUILDERS, INC.

                                 Defendants.
-----------------------------------------------------------x

FIRST SET OF
INTERROGATORIES

1:07-cv-10298

Filed by ECF on
December 21, 2007

TO:   PLAINTIFFS

**S I R S:**

     **PLEASE TAKE NOTICE**, that defendants, NEW HOPE URBAN RENEWAL LIMITED PARTNERSHIP and THE COMMUNITY BUILDERS, INC., by its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, direct its first set of interrogatories to plaintiff, TYRONE DILLS, and his attorneys, pursuant to Federal Rules of Civil Procedure. The undersigned demands that within ten (10) days of service hereof, you serve upon the undersigned answers setting forth the following:

     1.    State the exact date and approximate time of day of the occurrence.

     2.    Describe the location of the accident in sufficient detail to permit definite identification.

     3.    State the acts or omissions constituting the negligence claimed against the defendants as alleged in the Complaint.

4.  (a) Set forth the nature and extent of the injuries claimed to have been sustained.

    (b) Specify any pre-existing injury or condition that it is claimed to have been exacerbated as a result of the negligence alleged in this lawsuit.

5.  Describe the injuries claimed to be permanent in their nature and consequences in sufficient detail to permit definite identification.

6.  Set forth the length of time it will be claimed plaintiff was confined (a) to bed (b) to house (c) set forth the dates of each hospital confinement, and identify the hospitals to which confined.

7.  State (a) the usual business or occupation of the plaintiff and (b) plaintiff's salary or income, if any, per day, week or month at the time of the occurrence.

8.  Set forth the name and address of plaintiff's employer; or if self-employed, so state, indicating the name and address under which the plaintiff is doing business.

9.  Set forth the amount of lost earnings or any financial loss incurred and the method by which the lost earnings and financial loss is computed.

10. Set forth the length of time, if any, plaintiff was incapacitated from employment or occupation, or if plaintiff was a student, give the name of the school attended, and the grade in which he was a student.

11. State (a) the plaintiff's date and place of birth (b) plaintiff's social security number (c) plaintiff's present address and (d) the address of the plaintiff at the time of the occurrence.

LESTER SCHWAB KATZ & DWYER LLP  ·  120 BROADWAY  ·  NEW YORK, NY 10271-10071

12. Set forth the amounts incurred for:

   (a) Medical, surgical and dental services, stating separately the amount of each service identifying by whom rendered.
   (b) Hospital services, stating separately the name and address of each hospital and the amount of each bill.
   (c) Nursing services.
   (d) Services for ambulance, x-rays, prescription drugs and prosthetics stating separately the amount of each bill and the service for which it was rendered.
   (e) Any other item of expense, or damage.
   (f) If plaintiff received workers' compensation benefits, identify the insurance carrier and/or employer who provided said benefits, the workers' compensation file number, and the amount of the lien to date.
   (g) Lost earnings, if any.

13. If loss of services, society and consortium is claimed, set forth: (a) the length of time said loss is claimed to have occurred; (b) the relationship of the plaintiff to the party claiming the loss; and (c) the particular services claimed for loss of services, consortium, medical expenses, and other expenses.

14. Describe the particular portion of the staircase where plaintiff allegedly fell, in sufficient detail to permit identification of the stairs and that portion thereon where plaintiff allegedly fell.

15. Describe the condition of the stairs, stating what it is alleged caused plaintiff's injury.

16. If plaintiff's alleged accident occurred on stairs in front of 654 Bergen Avenue in Jersey City, New Jersey, specify which stair or step she allegedly had his accident on.

3

17. State the nature of the "hazardous" or "dangerous" condition complained of and state its approximate location, giving distance and direction from the curb and/or the adjoining building and specifying from which points said distances and directions are given.

18. State the length, depth and width of the condition and where the condition was located in sufficient detail which allegedly caused plaintiff's accident.

19. If said accident occurred as a result of an obstruction, describe the obstruction.

20. A description of the occurrence, together with the identification of the appliances, utilities, structures, fixtures or other instrumentality involved in said occurrence.

21. Set forth the manner in which the defendants (a) "directed", (b) "controlled", (c) "operated", (d) "maintained" and/or (e) "managed" the premises located at 654 Bergen Avenue in New Jersey that allegedly caused and/or contributed to plaintiff's accident.

22. Set forth a separate statement as to how these defendants:

   (a) Failed to prevent the existence of the "dangerous, hazardous, obstructed, encumbrances, and/or unsafe conditions" as alleged in the complaint.
   (b) Failed to "provide and/or ensure a reasonably safe, unobstructed and unencumbered place for lawful pedestrians to traverse the stairs in front of and/or adjacent" to the subject premises.

4

    (c)    Failed to "maintain" the subject premises, or stairs in reasonably safe, suitable and adequate condition and repair.

23. State, with particularity the acts of the defendants which plaintiff claims were "reckless" and "wanton" and "without regard for plaintiff's safety" which would entitle them to punitive damages.

24. State whether it is claimed that the defendants had notice of the condition complained of and, if so, state whether actual or constructive notice is claimed; if constructive notice is claimed, state how long plaintiff claims the alleged condition existed before the alleged accident; if actual notice claimed, state by whom and to whom such notice was allegedly given and the place and time it was given, and whether oral or written and, if written, set forth a copy thereof.

25. Set forth the statutes or ordinances alleged to have been violated by the defendant, designating by chapter, article, division, subdivision, section, paragraph and otherwise the particular portions and provisions of the specific laws, ordinances, rules and regulations allegedly violated by the defendants.

**PLEASE TAKE FURTHER NOTICE**, that in the event plaintiff fails to comply with the foregoing demand within 10 (ten) days, the defendant will move to preclude the

offering of any evidence as to the matters herein demanded, together with the costs of such application.

Dated:    New York, New York
              December 21, 2007

                                            LESTER SCHWAB KATZ & DWYER, LLP

                                            Rosemarie P. Boyd (rb-7898)
                                            Attorneys for Defendants
                                            NEW HOPE URBAN RENEWAL LIMITED
                                            PARTNERSHIP and THE COMMUNITY
                                            BUILDERS, INC.
                                            120 Broadway
                                            New York, New York  10271
                                            (212) 964-6611

TO:

Robert D. Asher, Esq.
ASHER & ASSOCIATES, P.C.
Attorneys for Plaintiff
111 John Street
Suite 1200
New York, New York 10038
T: (212) 227-5000

## Declaration of Service

I served the annexed FIRST SET OF INTERROGATORIES by first-class mail on the following persons on December 21, 2007:

>Robert D. Asher, Esq.
>ASHER & ASSOCIATES, P.C.
>Attorneys for Plaintiff
>111 John Street
>Suite 1200
>New York, New York 10038
>T: (212) 227-5000

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 21, 2007.

*[signature]*
MARY LYNCH