# Asher & Associates, P.C.
## Attorneys at Law

Roberta D. Asher
Ryan H. Asher
Stacy N. Baden
Robert J. Poblete

111 John Street
Suite 1200
New York, New York 10038
www.asherlaw.com

Tel 212.227.5000
Fax 212.227.7117

Richmond County Address
711 Forest Avenue
Staten Island, NY 10310

Tel 718.720.1500
Fax 718.720.1921

VIA ECF
June 26, 2008

[STAMP: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 6/30/08]

The Honorable Loretta A. Preska
U.S. District Court - Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

       Re: Tyrone Dills v. New Hope Urban Renewal LP
       Index #: 07CV10298

Your Honor:

As you are aware, this office represents the plaintiff Tyrone Dills in the above matter.

The Initial Case Management Plan and Scheduling Order directed both that all fact discovery be completed by June 30, 2008 and that plaintiff provide a status of settlement negotiations to Your Honor by that date.

This letter represents both a joint application by the parties for an extension of time within which to complete fact discovery and a status report as to settlement discussions.

Defendants did not provide this office with a scintilla of previously requested discovery until reminded to do so in a letter dated June 5, 2008. In response, on June 11, 2008, we received by fax both defendants' Rule 26 Initial Disclosure and Responses to Plaintiff's First Set of Interrogatories. We were further advised that the defendants were unprepared to go forward with the depositions of either the plaintiff or the defendants until June 25, 2008.

Upon review of defendants' answers to plaintiff's Interrogatories (which were not subscribed by either defendant), it was noted that the defendants had improperly refused to answer Interrogatories numbered 9, 10 and 12 which addressed maintenance of the premises and prior claims of injury on the staircase in question. Notwithstanding, since fact discovery was due to be concluded by June 30, 2008, we agreed to go forward with the scheduled depositions.

The deposition of the Plaintiff was concluded on June 25, 2008.

Unfortunately, the witness produced on behalf of the defendants, Francine Payton, the assistant building manager, had no personal knowledge as to any of the issues defined by the pleadings. She had no knowledge as to where any documents, including contracts, maintenance and repair

records are maintained. She did not even know where the incident report for the plaintiff's accident was kept. Rather, she continually referred to her supervisor, Ofer Bacar, as the person who would know where these records are.

Furthermore, despite the fact that Ms. Payton was produced as the witness for both defendants, she could provide no information as to the nature of the relationship between the defendants She could not even clarify why the defendants' Amended Answer alleged that Community Builders owned the premises, while defendants' answers to plaintiff's Interrogatories alleged that New Hope Urban Renewal owned the premises.

As a result, the attorney for the defendants, Rosemarie Boyd, agreed to supplement her original answers to the Interrogatories and to produce Ofer Bacar for a deposition. Unfortunately, we have been advised by defendants' counsel that this witness cannot be produced prior to the close of fact discovery.

In addition, defendants Rule 26 Initial Disclosure (received by this office on June 11, 2008) lists the names of three (3) additional witnesses: Jan Haba (Building Superintendent), Lisa Stewart (prior Building Manager) and Richard Todman (prior Security Guard who generated the incident report of plaintiff's accident). Lisa Stewart and Richard Todman are not under the control of defendants. Jan Haba is. Until the appearance of Ms. Payton on June 25, 2008 we did not know precisely whom defendants were producing for a deposition. We had expected someone with knowledge to be produced. Unfortunately, Ms. Payton knew nothing.

It is possible that upon conclusion of Mr. Bacar's deposition, no further depositions will be necessary. However, until his deposition is conducted we simply do not know whether the depositions of either Mr. Haba, Ms. Stewart or Mr. Todman are necessary.

Therefore, the parties respectfully request an additional sixty (60) days from June 30, 2008 within which to conclude all fact discovery in this matter. It is our sincere belief that all discovery can be concluded by August 29, 2008.

Concerning the status of settlement negotiations, we have been advised by the adjuster for the defendants' insurance carrier that she is unable to evaluate this file and enter into settlement discussions until she receives her attorney's report of the deposition testimony.

Thank you for your consideration of this matter.

Respectfully submitted,

Asher & Associates, P.C.

*[signature]*
Roberta D. Asher (RA5936)

cc: VIA ECF
Lester, Schwab, Katz & Dwyer, LLP

*[Handwritten note:]* Counsel shall submit a revised scheduling order adjusting the dates.

*Loretta A. Preska*
USDJ
June 30, 2008

Edward J.M. Little
Jason A. Masimore
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Tel: (212) 837-6400
Fax: (212)299-6400

Attorneys for Ralph Cioffi

*/s/ Nina M. Beattie*
Nina M. Beattie
Theresa Trzaskoma
BRUNE & RICHARD LLP
80 Broad Street, 30th Floor
New York, New York 10004
Tel: (212) 668-1900
Fax: (212) 668-0315

Attorneys for Matthew Tannin

SO ORDERED:

_____
The Honorable Loretta A. Preska

3